RAYMOND GUGLIELMO *vs.* WASHBURN WIRE COMPANY.

APRIL 30, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an original petition for workmen's compensation. It is before us on the respondent's appeal from a final decree of the workmen's compensation commission affirming a decree of the trial commissioner granting the petition.

The petitioner, an employee of respondent, was required to pull bars of steel through machines on rollers. He would grab the steel with tongs and pull on the bar to release it from the machine which was fabricating it. On October 23, 1959, while doing this work, the tongs slipped and he fell off a platform two to three feet high on which he was standing, landed on his feet and then fell over upon his back. He arose and continued to work, but a short time later felt pain in his back and thereafter on November 27, 1959 saw an osteopathic physician whom he visited several times while continuing to work.

On March 18, 1960, as he testified, he was attempting to turn over a large steel bar when he slipped and fell backwards on his back. He continued to work but on March 25, 1960 was laid off because of lack of work.

Around May 1, 1960 he began to have pain in his legs and on or about June 13 consulted Dr. G. Edward Crane, an orthopedic surgeon. He was admitted to Rhode Island Hospital in June where his condition was found to be such that an operation was required. A myelogram was performed and it was at that time that Dr. Crane learned of the patient's falls while at work.

On or about July 11, 1960, after release from the hospital, Guglielmo went to the plant hospital of his employer to acquaint those in charge with the condition of his back and to ascertain what the respondent intended to do about it as he required an operation.

Still later he was again admitted to the hospital and on

October 6, 1960 Dr. Thomas C. McOsker performed an operation and a large ruptured disc was removed from his back.

From the evidence it appears that respondent's responsibility for petitioner's condition was first brought to its attention in July 1960 when he asked Dr. Thomas J. Dolan, respondent's plant physician, what the company was going to do about it. At that time Dr. Dolan felt that Guglielmo's condition had no reference to the plant since there was no history of an injury and referred him to the personnel man.

From the practically uncontradicted evidence petitioner on October 23, 1959 sustained an injury to his back by accident in the course of his work for respondent. On March 18, 1960, through accident in the course of his employment the original injury was aggravated eventually making necessary an operation on his back which prevented him from working.

From the facts arise two questions: Was petitioner injured by accident in the course of his employment and, if so, was due notice thereof given to his employer?

As to the first question there was positive evidence of two accidents to petitioner with only negative evidence on the part of foremen in opposition. The commission could fairly find, as it did, that petitioner sustained injury through falls in respondent's plant on October 23, 1959 and on March 18, 1960. The more difficult question is whether such notice of injury was given the employer as would meet the reasonable requirement of the law in that respect.

General laws 1956, §28-33-30, provides as follows:

> "No proceedings for compensation for an injury under chapters 29 to 38, inclusive, of this title shall be maintained unless a notice of the injury shall have been given to the employer within thirty (30) days after the happening or manifestation thereof."

It does not anywhere appear that petitioner claims to have given notice to respondent of an accident, and that being so he insists that this case is governed by G. L. 1956, §28-33-33, which reads:

> "A notice given under the provisions of chapters 29 to 38, inclusive, of this title shall not be held invalid or insufficient by reason of any inaccuracy in stating the nature, time, place or cause of the injury, or the name and address of the person injured, unless it is shown that it was the intention to mislead and the employer was in fact misled thereby. Want of notice shall not be a bar to proceedings under said chapters, if it be shown that the employer or his agent had knowledge of the injury, or that failure to give such notice was due to accident, mistake, or unforeseen cause."

It is asserted by respondent that there is no record that it had knowledge of the accidents which petitioner claims to have had. Nowhere does it appear who in the corporation was authorized to accept notice of injuries suffered by employees but it does appear that knowledge of petitioner's claims of the accidents were known to two foremen and to the plant physician. A reading of the entire testimony makes clear that the commissioner was justified in finding as a fact that petitioner suffered an accident as claimed on October 23, 1959 and that his resulting condition was aggravated by the accident on March 18, 1960.

Can it be said in the absence of specific notice to respondent of injury with consequent inability to work that petitioner herein was entitled to compensation? While as we have said it does not appear that he gave notice of injury to anyone approved by the respondent corporation to accept it, the injury claimed by him did not occur outside of the plant but in the plant in the course of his work and in the presence of a fellow worker. The evidence is ample of the occurrence of an accident within the plant and of subsequent inability of petitioner to work.

While petitioner is unable to show that he gave satisfactory notice to his employer we are of the opinion that he does show that this omission was due to mistake on his part. In the beginning there was clearly a lack of knowledge that his accidents in the form of falls were productive of injury and the realization that such was the case came long after the time for the giving of satisfactory notice had expired.

In *Lipscomb* v. *Halloran Construction Co.*, 86 R. I. 159, the petitioner while working at a pumping station in the late fall of 1955 struck his right shoulder against a concrete beam. He experienced pain in the shoulder but continued to work full time. In the latter part of January 1956 the pain became very severe and in April he was obliged to enter Rhode Island Hospital. In the latter part of May he reported his accident for the first time. Lipscomb asserted that his failure to give notice was due to accident, mistake or unforeseen cause.

The court held that the provision of the statute concerning the excuse for failure to give notice was to be liberally construed in those cases where it was shown that the employer's interests were not prejudiced, stating at page 164, "In applying the provision concerning the excuse for failure to file notice provided for in §20, it is to be liberally construed in those cases wherein it is not shown that the employer's interests were prejudiced but it is to be less liberally or, in some circumstances, even strictly construed where such prejudice is shown." The court cited and relied upon the cases of *Donahue* v. *R. A. Sherman's Sons Co.*, 39 R. I. 373, *Desrochers* v. *Atwood-Crawford Co.*, 47 R. I. 116, and *Caspar* v. *East Providence Artesian Well Co.*, 49 R. I. 8.

In the instant case there is no evidence that the respondent corporation was in any way prejudiced by the fact that it received no notice of injury. The commission in its opinion relied upon the *Lipscomb* case and we think rightly so.

After a careful consideration of the entire case we find no error in the decree of the commission.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson and Stanzler, Milton Stanzler,* for petitioner.

*Vincent J. Chisholm,* for respondent.